FILED

2026 Apr-02  PM 03:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

CHANTELLE CHASITY          )
HAYNES JOHNSON,            )
                           )
    Plaintiff,             )
                           )
    v.                     )      Case No. 2:25-cv-00858-NAD
                           )
WALMART, INC.,             )
                           )
    Defendant.             )

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

For the reasons stated below, the court **GRANTS** Defendant Walmart, Inc.'s motion to dismiss (Doc. 34), and **DISMISSES WITH PREJUDICE** Plaintiff Chantelle Chasity Haynes Johnson's complaint.[1]  *See* Doc. 1 (initial complaint); Doc. 33 (amended complaint).   The court separately will enter final judgment.

## BACKGROUND

### A.    Procedural background

On June 3, 2025, Plaintiff Johnson initiated this action by filing a *pro se* complaint against Defendant Walmart, alleging employment discrimination under

---

[1] The parties have fully briefed this motion, and the court has determined that the motion is appropriate for disposition on the briefs without oral argument.   *See* Fed. R. Civ. P. 78(b); Doc. 36 (Plaintiff Johnson's response in opposition); Doc. 37 (Defendant Walmart's reply); *see also* Doc. 35 (briefing schedule).

Title VII.  Doc. 1.  The initial complaint alleged that Walmart retaliated against Johnson in violation of Title VII because, in November 2024, she "rais[ed] concerns . . . about being assigned only inbound calls while others had balanced tasks," and then became "targeted and isolated" to the detriment of her health, leading her to resign.  Doc. 1 at 2–6.  Johnson filed an EEOC charge and was issued a notice of right to sue.  Doc. 1 at 7.  The court granted Johnson leave to proceed *in forma pauperis*.  Doc. 7.  And the parties consented to magistrate judge jurisdiction. Doc. 26; 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

On August 7, 2025, Walmart filed a motion to dismiss the initial complaint for failure to state a claim upon which relief can be granted.  Doc. 11.  The parties fully briefed that motion.  *See* Docs. 17, 18 (Johnson's responses in opposition); Doc. 21 (Walmart's reply); Docs. 24, 25 (Johnson's surreply and exhibits).

On October 8, 2025, the court granted Walmart's motion to dismiss (Doc. 11), with leave for Johnson to file an amended complaint.  Doc. 32.  The court ruled that the initial complaint had not stated a plausible claim under Title VII, and ordered Johnson to file an amended complaint by October 31, 2025.  Doc. 32 at 6.

On October 16, 2025, Johnson filed this amended complaint.  Doc. 33. Rather than amending with respect to the Title VII claim alleged in the initial complaint, the amended complaint alleges claims under the Americans with Disability Act (ADA), alleging that Walmart retaliated against Johnson under that

ADA and failed to "engage in the interactive process."   Doc. 33 at 1.

## B.    Allegations in the amended complaint

The amended complaint alleges that, between November 11, 2024, and November 21, 2024, Walmart violated the ADA by retaliating against Johnson after she "notified her supervisors of work-related stress and intent to seek medical evaluation," and by "[f]ailing to initiate the legally required ADA interactive process despite actual notice that Plaintiff was experiencing stress-related symptoms affecting her ability to perform her job duties."   Doc. 33 at 1.   The amended complaint alleges that Walmart's conduct created a "hostile and intolerable work environment" that harmed Johnson and "led to her constructive discharge."   Doc. 33 at 1.

The amended complaint also alleges that on November 11, 2024, Johnson notified team lead Nicole Jones that she was being assigned an unbalanced workload that was disproportionately heavy compared to the workloads of other employees. Doc. 33 at 2.   The amended complaint alleges that Johnson's unbalanced workload continued after she notified Jones, and that Johnson was assigned "multiple overdue trainings with impossible deadlines" immediately after reporting her concerns about her workload.   Doc. 33 at 2–3.

The amended complaint alleges further that on November 16, 2024, Johnson emailed team lead Jones and team supervisor Althea Williamson to report that her

3

workload was "challenging and causing stress and physical discomfort"; on November 17, 2024, Johnson followed up and alerted them that the stress was ongoing, and that she "intended to seek medical evaluation." Doc. 33 at 3. Jones responded by wishing Johnson a speedy recovery, while Williamson did not respond. Doc. 33 at 3.

On November 17 and 18, 2024, Johnson was absent from work, and the absences were classified as unexcused. Doc. 33 at 3. On November 20, 2024, a doctor "diagnosed Plaintiff with anxiety, fatigue, elevated heart rate, and high blood pressure," all of which was consistent with the alleged work-related stress. Doc. 33 at 3. On November 21, 2024, Johnson became aware that her November 17 and 18 absences were marked as unexcused; Johnson then resigned because she believed that the absences were misclassified, which—combined with her unbalanced workload—"created intolerable working conditions" that forced her to resign. Doc. 33 at 3.

The amended complaint alleges that Walmart retaliated against Johnson in violation of its own internal policies and in violation of the ADA. Doc. 33 at 4.

### C.    Legal background

Under the ADA, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job

training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112. "To state a disability discrimination claim, a claimant must allege that she was a 'qualified individual' who suffered an adverse employment action because of her 'disability' as those terms are defined by the ADA." *EEOC v. STME, LLC*, 938 F.3d 1305, 1314 (11th Cir. 2019) (quoting *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1267–68 (11th Cir. 2014)).

In addition, the ADA "prohibits retaliation against an individual for opposing an unlawful practice or making a charge under the ADA." *Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016) (citing 42 U.S.C. § 12203(a)).

The ADA also "requires an employer to make 'reasonable accommodations' to an otherwise qualified employee with a disability, 'unless doing so would impose [an] undue hardship.'" *Frazier-White*, 818 F.3d at 1255 (11th Cir. 2016) (quoting *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001)). "The employee has the burden of identifying an accommodation and demonstrating that it is reasonable." *Id.* "Moreover, an employer's 'duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made.'" *Id.* at 1255–56 (quoting *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363–64 (11th Cir. 1999)).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a complaint must include "a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under Federal Rule of Civil Procedure 12(b)(6), the court can dismiss a complaint for "failure to state a claim upon which relief can be granted." *Id.* According to the U.S. Supreme Court, "[d]etailed factual allegations are not required, but [Rule 8] does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (cleaned up) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief; and, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 663–64, 678 (citations omitted); *see Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (cleaned up)).

Courts do "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers," and liberally construe *pro se* allegations. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

6

But "[e]ven in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (quotation marks omitted).

## DISCUSSION

Even applying liberal construction, accepting as true all of the fact allegations in the complaint, and construing all reasonable inferences in Johnson's favor (as the court must on this motion to dismiss), the fact allegations in the amended complaint do not state a plausible claim for relief against Walmart under the ADA. *See Campbell*, 760 F.3d at 1168–69; Fed. R. Civ. P. 12(b)(6); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

## I.    The amended complaint does not state a plausible claim for ADA retaliation.

The amended complaint does not state a plausible claim for retaliation under the ADA. *See* Doc. 33 at 5–6. As noted above, the ADA prohibits retaliation against an individual only for "opposing an unlawful practice or making a charge under the ADA." *Frazier-White*, 818 F.3d at 1258 (citing 42 U.S.C. § 12203(a)). "To prevail on her ADA retaliation claim, Plaintiff must show that:   (1) she engaged in a statutorily protected expression, (2) she suffered an adverse employment action, and (3) there was a causal link between the two." *Id.*

Here, among other things, the amended complaint does not plausibly allege that Johnson engaged in any protected activity. An employee participates in

protected expression for the purposes of an ADA retaliation claim when she opposes a practice that the ADA makes unlawful or when she makes a request for a reasonable accommodation. *See* 42 U.S.C. § 12203(a); *Frazier-White*, 818 F.3d at 1258.

But there is no allegation or indication in the amended complaint that Johnson opposed any practice made unlawful by the ADA, or that Johnson requested an accommodation for any alleged disability. Rather, the amended complaint alleges only that Johnson notified her supervisors that she had an unfair workload, and then "notified Walmart of her work-related stress and physical symptoms." Doc. 33 at 3. While the amended complaint also alleges that Walmart's conduct "created a hostile and intolerable work environment" that resulted in Johnson's "constructive discharge," there are no fact allegations to support any such claims.

Instead, in the opposition to Walmart's motion to dismiss, Johnson argues that she engaged in conduct protected by the ADA by giving "notice of medical-related difficulties and intent to seek medical evaluation." Doc. 26 at 1. But, without more, giving notice of medical difficulties and/or a medical evaluation does not amount to a request for an accommodation for a disability, which would be protected activity for the purposes of ADA retaliation. *See* 42 U.S.C. § 12203(a); *Frazier-White*, 818 F.3d at 1258.

Because the amended complaint does not allege that Johnson asked for an

accommodation or opposed conduct made unlawful by the ADA, the assertions that Johnson engaged in protected conduct under the ADA amount to no more threadbare recitals of the elements of the cause of action that are not supported by fact allegations. *See Iqbal*, 556 U.S. at 663–64, 678; *Twombly*, 550 U.S. at 555.

## II.    The amended complaint does not state a plausible claim for failing to engage in the interactive process under the ADA.

Likewise, because there is no allegation that Johnson requested an accommodation, the amended complaint does not state a plausible ADA claim for "Failure To Engage In The Interactive Process." Doc. 33 at 6–7. Without a fact allegation in the amended complaint that she requested an accommodation which Walmart did not provide, Johnson instead argues in the opposition that, because she notified her supervisors that "her workload was causing stress and physical discomfort, affecting her health, and that she intended to seek medical evaluation," Walmart's "duty to engage in the interactive process" was triggered. Doc. 36 at 1; *see* Doc. 33. Johnson argues that, after she notified her supervisors that she had a potential medical issue, Walmart was obligated to engage in discussions with her and to identify potential accommodations. Doc. 36 at 2. Johnson also argues that Walmart had the burden to "initiate conversations or explore potential accommodations." Doc. 36 at 2.

But, under the ADA, the law is clear that the plaintiff employee has the burden of requesting a reasonable accommodation—not the defendant employer. *See*

9

*Frazier-White*, 818 F.3d at 1255.  Any duty on the defendant employer is "not triggered unless a specific demand for an accommodation has been made.'"  *Id.* at 1255–56.

As such, "absent [a request for an accommodation and] a denial, there can be no failure to accommodate under the ADA."  *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018).

Indeed, the Eleventh Circuit has rejected the idea that an employer "can be held liable merely for failing to engage in the process itself (regardless of whether a 'reasonable accommodation' could in reality have been made for the employee)." *Willis v. Conopco, Inc.*, 108 F.3d 282, 285 (11th Cir. 1997).  "[W]here a plaintiff cannot demonstrate 'reasonable accommodation,' the employer's lack of investigation into reasonable accommodation is unimportant."  *Id.*

Thus, because there is no allegation that Johnson requested any accommodation, Walmart had no obligation to act on her behalf in this regard and cannot be liable for failing to engage in an interactive process that Johnson never triggered.  *See Frazier-White*, 818 F.3d at 1255–56; *Willis*, 108 F.3d at 285.

*    *    *

Generally speaking, where "a more carefully drafted complaint" may state a plausible claim, a plaintiff should be given a chance to amend before dismissal. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (quoting *Bank v. Pitt*, 928

10

F.2d 1108, 1112 (11th Cir. 1991)).   Moreover, a *pro se* plaintiff typically should be given "at least one chance to amend the complaint before the district court dismisses the action."   *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019).   But a court need not provide an opportunity to amend, where the plaintiff has not cured deficiencies in the fact allegations through prior amendment, or where further amendment would be futile.   *Bryant*, 252 F.3d at 1163.

In this case, the court granted Johnson leave to amend, but the amended complaint still does not state a plausible claim for relief.   And more careful drafting could not bolster the deficiencies in the fact allegations to the extent that any additional amended complaint could state a plausible claim for relief.

## CONCLUSION

For the reasons stated above, Walmart's motion to dismiss (Doc. 34) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.   Separately, the court will enter final judgment.

The Clerk is **DIRECTED** to mail a copy of this order and the final judgment to Plaintiff Johnson at her address of record.

**DONE** and **ORDERED** this April 2, 2026.

_____
 **NICHOLAS A. DANELLA**
 UNITED STATES MAGISTRATE JUDGE

11